

DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the Secretary

Assistant Secretary for Administration
Equal Employment Opportunity
Compliance and Operations Division
Washington, DC 20201

David A. Fallon, Esq.
Tully & Rinckey, PLLC
442 New Karner Road
Albany, NY 12205

AUG 14 2018

Re: Dorothy E. Whitaker, Complainant
File No.: HHS-IHS-0406-2014
Date of Filing: September 19, 2014
EEOC No.: 540-2015-00142X

Dear Mr. Fallon:

In accordance with 29 Code of Federal Regulations (C.F.R.) § 1614.110(a), this Final Order, with appeal rights, is being issued on the above-referenced Equal Employment Opportunity (EEO) complaint filed by your client, Dorothy E. Whitaker, hereinafter referred to as "Complainant," against the U.S. Department of Health & Human Services (HHS, Department, or Agency), alleging discrimination by the Indian Health Service (IHS).

On September 19, 2014, Complainant filed a formal complaint of discrimination. Complainant alleged she was discriminated against on the bases of race (African American), color (Black), retaliation, and subjected to a hostile work environment and harassment (non-sexual) when:

1. On August 15, 2014, Complainant was terminated from her position of CRNA, GS-13, Gallup Indian Medical Center, after notifying Pauline Holona, Human Resources, that Complainant intended to file an EEO complaint.

2. During January 2014 - August 2014, Complainant was subjected to a hostile work environment and harassment (non-sexual) when:

   a. March 2014 – August 2014, Complainant was denied lunch and restroom breaks (i.e., forced to ask surgeons, Dr. Strachura and Dr. Fralinger to be excused just to use the bathroom).

**EXHIBIT C**

b. March 2014 - July 2014, Complainant was harassed to sign blank leave request forms and PMAP evaluation.

c. July 2014 - August 2014, Complainant was harassed when Complainant took a sick day and management complained about Complainant taking one week of leave time as being a lot of time off.

d. January 2014 – August 2014, Complainant was (1) frequently given false information by Dr. Rivera and (2) Daria Jones that Complainant needed to "fight" for a higher salary because Complainant's friend was offered $187,000, which Complainant learned could not be true; lied about the NPO status of a child that Complainant was scheduled to do, this would have put both the child, herself and the facility at risk; insisted that Complainant should be helping with patient transport; wrote notes and left them on Complainant's work station or passed them through Dr. Rivera; would hang up the phone on Complainant and/or walk away when Complainant attempted to talk with her.

e. February 2014 - August 2014, Dr. Fralinger and Dr. Christensen questioned Complainant about Complainant's duty hours, while other employees were allowed to come and go during the duty hours.

f. March 2014 - July 2014, Complainant was subjected to an imbalance in work distribution.

g. February 2014 - August 2014, hostility was expressed by anesthesia staff members towards Complainant, (i.e. yelling at Complainant, complaining whenever Complainant attempted to contribute during meetings, wrote notes, passed information via Dr. Rivera, rather than talk to her) with knowledge of supervisors; Dr. Rivera became angry when Complainant was not able to take an additional call.

h. February 2014, Cindy Hamilton harassed Complainant to quit her job.

i. February 2014, Dr. Gonzalez provided pizza and other treats to staff members without inviting Complainant to participate.

j. February 2014 - August 2014, supervisors condoned hostility by ignoring complaints, participating actively and passively (i.e. Dr. Christensen would walk away from group conversation, when Complainant approached to join in); Dr. Rossini yelled at Complainant and she complained to Dr. Christensen.

**EXHIBIT C**

Case 1:18-cv-01046-KG-JFR   Document 86-4   Filed 08/13/21   Page 3 of 7

Page 3 of 8   Dorothy E. Whitaker, HHS-IHS-0406-2014; EEOC NO.: 540-2015-00142X.

    k. February 2014 - August 2014, Dr. Fralinger, Dr. Christensen, Dr. Musikasinthorn, Dr. Gabencion, and Dr. Tempest, when greeting or attempting to discuss patient care with Complainant, they would grunt or ignore Complainant, avoid conversation, eye contact, and collaborative work relations. Complainant was scolded by Dr. Fralinger because she didn't get his call when Complainant's phone lost power. Dr. Fralinger was extremely disruptive and distracting of staff with loud music, conversation and laughter, during critical times of Complainant's induction and emergence of surgery patients.

    l. January 2014 - August 2014, a coworker asked that Complainant not touch her, got other anesthesia providers to over-rule/write other orders; and staff members ignored Complainant's work orders,

    m. March, May, August 2014, supervisors ignored Complainant concerns about patient safety (i.e. coworkers behavior; webcidents; propofol incident and hypotensive patient); Dr. Rivera told Complainant that Dr. Christensen informed him that Complainant was too sensitive; and patient safety concerns submitted to Shelia Bonilla were ignored.

3. During January 2014 - August 2014, Complainant was subjected to racial stereotypes when:

    a) May 2014 - August 2014, Dr. Rivera would preference his comments to Complainant, saying "don't get mad, don't get angry,"

    b) June 14, 2014, Dr. Bruckner, Cardiologist, told Complainant stories of her childhood and being labeled as "Black" (while pulling at the sides of her nose), because Dr. Bruckner had a "Black" nose and her hair was very curly.

    c) April 2014, O. R. Nurse Maurico, constantly talked about his "BLACK FRIENDS," (i.e. He felt it acceptable to show Complainant texts of conversation using the Nigga, Nigga, Nigga).

    d) March 17 -18, 2014, during a workshop to improve peer relationships, Kevin Miller, consultant, warned surgical staff (of about 50 participants with supervisors in attendance) not to allow individuals to "play the race card," and spoke of the movie 'Twelve Years a Slave.'

    e) March - April 2014, O.R., Nurse Eleanor, used her grandchildren in stories to describe how Blacks were feared and disliked.

**EXHIBIT C**

Case 1:18-cv-01046-KG-JFR   Document 86-4   Filed 08/13/21   Page 4 of 7

Page 4 of 8   Dorothy E. Whitaker, HHS-IHS-0406-2014; EEOC NO.: 540-2015-00142X.

f) March – April 2014, O.R. Nurse Sylvia, accused Complainant of threatening behavior, and said Complainant would call security because Complainant was scared. Complainant asked Nurse Sylvia to be available during a critical aspect of patient care.

g) February 2014, Kathy Jo, O.R. Technician, referred to Black physicians in OB as Sistas and a Brotha.

h) July 2014, Eleanor commented to Complainant, "you people."

i) May 2014, PACU Nurse Irma, told Complainant she looked like a "chocolate doll,"

j) July- August 2014, when Complainant complained to Dr. Christensen about Dr. Gonzalez's hostile behavior, Complainant dismissed it, saying it was my responsibility to develop relationships, yet Complainant advocated for Eleanor when she made false accusations against Complainant.

k) April - June 2014, Complainant was accused of not allowing 'eggcrate' pad to be used, therefore, causing the surgeons to struggle and prolong case. Dr. Rivera said that information was communicated that Complainant refused to give an epidural to a laboring patient, even though Dr. Rivera knew it was not true because both he and the Complainant cared for the patient.

l) Complaint was notified that the Agency submitted to the Defense Finance and Accounting Service that Complainant did not complete her agreement with the Agency because Complainant resigned, August 15, 2014, requesting that repay relocations cost and sign on bonus money as well as be denied relocation reimbursement. Complainant contends the Agency is reporting false statements and information about her.

4. October 2014, Virginia Upshaw, Human Resources, released unauthorized information about Complainant's employment.

On April 9, 2015, following receipt of the Report of Investigation, Complainant requested a hearing with the Equal Employment Opportunity Commission (EEOC) before an EEOC Administrative Judge (AJ). On July 5, 2018, EEOC AJ Nancy Griffiths issued a Hearing Decision and Entry of Judgment in favor of the Agency. EEOC AJ Griffiths determined that Complainant failed to prove by a preponderance of the evidence, that the Agency discriminated against or harassed her based on race, color or reprisal.

This is to notify you that HHS will adopt and fully implement the Entry of Judgment and Decision of EEOC AJ Griffiths.

**EXHIBIT C**

## NOTICE OF APPEAL RIGHTS (EEOC)

A complainant who is dissatisfied with this Final Order may file an appeal with the Equal Employment Opportunity Commission (EEOC). An appeal may be filed by completing the enclosed EEOC Notice of Appeal/Petition (EEOC Form 573) and including a copy of this Final Order. An appeal to the EEOC must be postmarked or, absent a postmark, received by the EEOC, within 30 calendar days from the day the complainant receives the Final Order. If a complainant is represented by an attorney, the 30-day period for filing a notice of appeal begins to run on the day after the attorney receives the Final Order. An appeal shall be deemed filed on the day it is postmarked, or in the absence of a postmark, on the date it is received by EEOC. If an appeal is not filed within the time limits indicated above, the appeal may be deemed untimely and may be dismissed by the EEOC.

Additionally, as required by 29 C.F.R. § 1614.403(a), an appeal should include a separate statement indicating what is being appealed. Any statement or briefs filed in support of an appeal must be submitted to the EEOC within 30 calendar days from the date the appeal is filed. Appeals to the EEOC and supporting documents should be forwarded to:

Mail
Director, Office of Federal Operations (OFO)
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

or

Hand-Delivered
Director, Office of Federal Operations (OFO)
Equal Employment Opportunity Commission
131 M Street, NE
Washington, DC 20507

or

Facsimile, if 10 pages or fewer
(202) 663-7022

A copy of any appeal, with supporting documents, must also be sent to the Department of Health and Human Services (HHS)'s Equal Employment Opportunity (EEO) Compliance and Operations Division:

**EXHIBIT C**

<u>Mail or Hand-Delivered</u>
Department of Health and Human Services
EEO Compliance and Operations Division
Mary E. Switzer Building
330 C Street, S.W., Room 2200
Washington, D.C. 20201

or

<u>Facsimile</u>
(202) 619-0823

A complainant must certify the date and method by which service was made on HHS regarding any appeal filed with the EEOC.

<u>Within thirty (30) calendar days</u> of receipt of the notice of appeal, HHS must submit the complaint file to the OFO. HHS has thirty (30) calendar days from receipt of the statement or brief in support of the appeal, or sixty (60) calendar days if no statement or brief has been filed, to submit a brief in opposition to the appeal to the OFO, and simultaneously serve a copy of the opposition brief upon a complainant.

In addition, with respect to claims filed under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, as amended, and/or the Rehabilitation Act of 1973, as amended, a civil action may be filed in the appropriate federal district court in any of the following situations:

A. <u>Within 90 calendar days</u> of receipt of HHS's Final Order on an individual or class complaint if no appeal has been filed with the EEOC;

B. <u>Within 90 calendar days</u> of receipt of the EEOC's decision on an appeal;

C. <u>After 180 calendar days</u> from the date of filing an individual or class complaint if an appeal has not been filed with the EEOC and a Final Order has not been issued by HHS;

D. <u>After 180 calendar days</u> from the date of filing an appeal with the EEOC if a decision has not been issued by the EEOC.

For claims filed under the Equal Pay Act, a complainant may file a civil action within two (2) years or, if the violation is willful, within three (3) years of the date of an alleged violation, regardless of whether a complainant pursued any administrative complaint processing.

If a complainant files a civil action under Title VII of the Civil Rights Act of 1964, as amended, or the Rehabilitation Act of 1973, as amended, and if a complainant does not have or is unable to obtain the services of a lawyer, a complainant may request that the

**EXHIBIT C**

Case 1:18-cv-01046-KG-JFR   Document 86-4   Filed 08/13/21   Page 7 of 7

Page 7 of 8    Dorothy E. Whitaker, HHS-IHS-0406-2014; EEOC NO.: 540-2015-00142X.

Court appoint a lawyer to represent a complainant. In such circumstances as it may deem just, the Court may appoint a lawyer and may authorize commencement of the action without payment of fees or costs or posting of security. Any such request must be made within the above-referenced 90-day time limit for filing suit and in such form and manner as the Court may require. The granting or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request for a Court-appointed representative and the civil action must be filed within ninety (90) calendar days of the date a complainant receives the final decision from HHS or from EEOC. A complainant should be aware that attorney's fees are not allowable at the administrative level under the Age Discrimination in Employment Act (29 U.S.C. § 633(a)) or the Equal Pay Act (29 U.S.C. § 206(d)).

If a complainant files a civil action, the complainant must name the appropriate agency head as the defendant. Failure to name the agency head may result in loss of any judicial redress to which the complainant may be entitled. Alex M. Azar, II, Secretary is the head of the Department of Health and Human Services.

FOR THE DEPARTMENT:

Sincerely,

*Cynthia Richardson-Crooks*

Cynthia Richardson-Crooks, J.D., Director
EEO Compliance and Operations Division

Enclosures:

EEOC Form 573

cc: Dorothy E. Whitaker, Complainant
    Sarah Nelson, Director, Diversity Management and EEO, IHS
    Jacob Richards, Esq., Agency Representative, Region IX, OGC
    William Biglow, Esq., Deputy Associate General Counsel, OGC
    Nancy Griffiths, Administrative Judge, EEOC, Phoenix District Office

**EXHIBIT C**