| | |
|---|---|
| **From:** | Trent Howell |
| **To:** | Dorothy Whitaker |
| **Subject:** | FW: Whitaker v. Becerra, 1:18-cv-01046 KG/JFR Defendant"s Settlement Letter to Plaintiff |
| **Date:** | Thursday, July 8, 2021 12:20:18 PM |
| **Attachments:** | Whitaker Settlement Letter to Plaintiff 7.8.21.pdf |
| | Proposed Form of Settlement Agreement (Whitaker) July 2021.pdf |

Sent from Mail for Windows 10

**From:** Walters, Tiffany (USANM)
**Sent:** Thursday, July 8, 2021 12:19 PM
**To:** Trent Howell
**Cc:** robbenhaarproposedtext@nmd.uscourts.gov; Ortega, Roberto (USANM)
**Subject:** Whitaker v. Becerra, 1:18-cv-01046 KG/JFR Defendant's Settlement Letter to Plaintiff

Dear Judge Robbenhaar and Mr. Howell,

Pursuant to Judge Robbenhaar's Order Setting Settlement Conference (Doc. 68), attached please find Defendant's settlement letter and proposed form of release.

We look forward to working with you toward a reasonable resolution of this case on August 6, 2021.

Respectfully,

Tiffany Walters
Assistant United States Attorney
District of New Mexico
201 Third Street, NW, Suite 900
Albuquerque, NM  87102
505-224-1493

**EXHIBIT E**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOROTHY WHITAKER,

    Plaintiff,

vs.                                                  Civil No. 18-1046 KG/JFR

XAVIER BECERRA, SECRETARY,
U.S. Department of Health and Human Services,

    Defendant.

## STIPULATION FOR COMPROMISE SETTLEMENT
## AND RELEASE OF CLAIMS

    IT IS HEREBY STIPULATED between Plaintiff Dorothy Whitaker and Defendant Xavier Becerra, Secretary, U.S. Department of Health and Human Services, that the claims in this action shall be settled, compromised, and dismissed as set forth below:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the alleged acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this settlement agreement.

2. Defendant agrees to pay to Plaintiff the total sum of _____.

3. Plaintiff agrees withdraw or dismiss any and all causes of action which Plaintiff brought in this case, or could have brought, arising out of the events alleged.

4. It is also agreed, by and among the parties, that the respective parties will bear their own costs, fees, attorney's fees, and expenses.

5. This settlement agreement is not and shall not be construed as an admission by the Defendant of the truth of any allegation or the validity of any claim asserted in this lawsuit, or of the Defendant's liability therein. Furthermore, none of the terms of the settlement agreement may be offered or received in evidence or in any way referred to in any civil, criminal, or administrative action or proceeding other than proceedings that may be necessary to consummate or enforce this settlement agreement.

**EXHIBIT E**

6. In exchange for the valuable consideration provided to and acknowledged by Plaintiff and described fully in this Settlement Agreement, Plaintiff voluntarily agrees for herself and her heirs, executors, administrators, representatives (legal and personal) and assigns, to fully and forever release and discharge the Defendant (including all Agency officers, employees, agents, servants, instrumentalities, representatives, administrators, successors, and assigns), from any and all matters, issues, complaints, claims, actions, grievances, demands, damages, expenses, and liabilities of every kind or nature whatsoever, that Plaintiff has raised, could have raised, or contemplated raising, arising directly or indirectly from any acts, omissions, incidents, or circumstances arising out of or relating to Plaintiff's employment with the Agency, up to and including the date Plaintiff signs this Settlement Agreement.  This release of claims includes, but is not limited to, Plaintiff's knowing, voluntary, and complete release, waiver, withdrawal, and dismissal of, however designated, all grievances, complaints, demands, appeals, claims, issues or causes of action in any forum, administrative or judicial, pursuant to the Age Discrimination in Employment Act (ADEA) of 1967, as amended, 29 U.S.C. §§ 621 et seq.; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.; and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701 et seq. Plaintiff further acknowledges and agrees that she has consulted with counsel, who approves of this Settlement Agreement as signified by the attorney's signature below, or Plaintiff has freely and knowingly chosen not to consult with counsel regarding the terms and conditions contained in this Settlement Agreement.

7. Plaintiff represents and warrants that she is the sole and lawful owner of all rights, title and interests in and to every claim and other matter which she purports to withdraw and waive herein, and that she has not heretofore assigned or transferred, or purported or attempted to assign or transfer to any person or entity any claims herein withdrawn and waived. Plaintiff shall indemnify Defendant, and any of his departments, components and current or former employees, whether in their official or individual capacities, against, and defend and hold harmless from, any claims arising out of or relating to any such assignment or transfer of any claims or other matters released herein.

8. **Age Discrimination in Employment Act Statement.**  Pursuant to and consistent with 29 U.S.C. § 626(f), Plaintiff acknowledges and agrees that she has read this Settlement Agreement and fully understands its terms and conditions, and has entered into this Settlement Agreement knowingly and voluntarily and of her own free will. Plaintiff further acknowledges that she has been given twenty-one (21) days to consider this Settlement Agreement, which documents the valuable consideration provided to Plaintiff. Plaintiff acknowledges, understands, and agrees that if she signs this Settlement Agreement within twenty-one (21) days of her receipt of the Settlement Agreement, their signatures on this Settlement Agreement shall constitute a knowing and voluntary waiver of the right to a 21-day consideration period.  Plaintiff also acknowledges and understands that, no later than seven (7) days following the date on which she signs this Settlement Agreement, she may revoke this Settlement Agreement by providing written notice to the Director, Office of Civil Rights, Mailstop 4310, 1849 C Street, N.W. Washington, D.C. 20240. For such revocation to be valid, it must be delivered so that it is received on or before the expiration of the seven (7) day revocation period.  Plaintiff

**EXHIBIT E**

acknowledges that this Settlement Agreement constitutes written advice to consult with an attorney before signing this Settlement Agreement. By signing this Settlement Agreement, Plaintiff understands that she is not waiving any rights or claims under the ADEA that may arise after the date she signs this Settlement Agreement.

9. The persons signing this settlement agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

10. Payment of the settlement amount will be made by government ACH/EFT transfer as per the following:

    A.  Name of Bank:            _____
    B.  Street Address of Bank:  _____
    C.  Bank City, State and Zip: _____
    D.  Tax ID No.:              _____
    E.  Routing Number:          _____
    F.  Name of Account:         _____
    G.  Account Number:          _____

    Plaintiff's attorney agrees to distribute the settlement proceeds.

11. Plaintiff agrees to execute a stipulation of dismissal of the above-captioned action with prejudice, with each party bearing its own fees, attorney's fees, costs, and expenses, contemporaneous with the execution of this settlement agreement that will be filed in this action.

12. Plaintiff further agrees to take any action necessary to dismiss with prejudice any pending EEO matters and other administrative actions, including actions pending before the Merit Systems Protection Board, against Defendant which are being released pursuant to this settlement agreement.

13. Compliance with all applicable federal, state, and local tax requirements shall be the sole responsibility of Plaintiff. This agreement is executed without reliance upon any representation by Defendant as to tax consequences, and Plaintiff is responsible for the payment of all taxes that may be associated with the settlement payments.

14. Plaintiff shall indemnify Defendant for all taxes, liens, or subrogation claims that may be due in connection with the payment made to the Plaintiff.

15. This settlement agreement contains the entire agreement between the parties hereto, and Plaintiff acknowledges and agrees that no promise or representation not contained in this agreement has been made to her, and she acknowledges and represents that this

**EXHIBIT E**

settlement agreement contains the entire understanding between the parties, and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein. No statement, remark, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced, nor does this settlement agreement reflect any agreed-upon purpose other than the desire of the parties to reach a full and final conclusion of the litigation and to resolve that suit without the time and expense of further litigation.

16. This settlement agreement cannot be modified or amended except by an instrument in writing, agreed to and signed by the parties, nor shall any provision hereof be waived other than by a written waiver, signed by the parties.

17. This settlement agreement shall be binding upon and inure to the benefit of Plaintiff and Defendant and their respective heirs, executors, successors, assigns, and personal representatives, including any person, entity, department, or agency succeeding to the interests or obligations of any party hereto, or having an interest herein.

18. The provisions of this agreement shall be deemed severable, and any invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of the other provisions herein.

19. Nothing in this Settlement Agreement shall be construed as a confidentiality provision. However, the parties agree to maintain discretion as allowed by law and not to disparage any other party.

20. Plaintiff acknowledges that she has discussed this settlement agreement with her counsel, who has explained these documents to her and that she understands all of the terms and conditions of this settlement agreement. Plaintiff further acknowledges that she has read this settlement agreement, understands the contents thereof, and executes this settlement agreement of her own free act and deed. The undersigned represent that they are fully authorized to enter into this agreement.

**EXHIBIT E**

_____   Date: _____
DOROTHY WHITAKER
Plaintiff

SS #:_____

STATE OF NEW MEXICO
                    ss.
COUNTY OF _____

      SUBSCRIBED, SWORN TO AND ACKNOWLEDGED before me this ____ day of _____, 2019, by _____.

My Commission Expires:

                                                                                       _____
                                                                                      NOTARY PUBLIC

Approved by:


_____
Trent A. Howell
P.O. Box 2304
Santa Fe, NM 87504
Phone: (505) 919-9158
*Attorney for Plaintiff*


_____
Tiffany L. Walters
Robert D. Ortega
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
Phone: (505) 224-1493
*Attorneys for Defendant*

**EXHIBIT E**