## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DOROTHY WHITAKER,

     Plaintiff,

v.                                  Case No. 1:18-cv-1046

XAVIER BECERRA, SECRETARY,
U.S. Department of Health and Human Services,

     Defendant.

### DECLARATION OF PHILIP B. DAVIS

I, Philip B. Davis, declare under penalty of perjury the following:

1.     I have been asked to offer an opinion as to what a fair and reasonable hourly rate is for Plaintiff's counsel, Trent Howell, as well as to the reasonable range of percentages that plaintiffs' lawyers charge in the New Mexico legal community in handling contingent fee work for a litigant bringing claims and who is unable to pay his or her lawyer on an hourly basis.

2.     I am an attorney licensed to practice law in the State of New Mexico since 1978 and before the United States District Court for the District of New Mexico, the Seventh and Tenth Circuit Courts of Appeals and the United States Supreme Court. I have an AV rating in the Martindale-Hubbell Law Directory and an AV Preeminent rating with New Mexico's Top-Rated Lawyers. To the best of my knowledge, I have been included in Who's Who in American Law since 1996. From 2008 to the present, I have been one of a half dozen New Mexico lawyers named to the list of "Super Lawyers" in the areas of civil rights and First Amendment law. I have been listed since 1995 in The Best Lawyers in America for First Amendment (civil rights, police misconduct) and Employment Law (individuals). Best Lawyers named me as its 2014 Albuquerque Employment Law-Individuals "Lawyer of the Year." For 2011 to 2015, my solo

**EXHIBIT H**

practice law firm was identified by U.S. News & World Report in their Best Lawyers/Best Law Firms rankings as having a "First Tier Ranking" among Albuquerque law firms in the areas of Civil Rights Law, Employment Law - Individuals, and Litigation - First Amendment law. For 2016, 2017 and 2018, my law firm maintained its Best Lawyers first tier ranking in the fields of Civil Rights Law, Employment Law - Individuals and Litigation - First Amendment, and I was named by Best Lawyers as its 2016 Albuquerque Litigation - First Amendment "Lawyer of the Year." For 2018, I was named Best Lawyers' Albuquerque Civil Rights Law "Lawyer of the Year." For 2019-21, my law firm has maintained its Best Lawyers first tier ranking in the fields of Civil Rights Law and Employment Law - Individuals and been given a second tier ranking in the area of Litigation - First Amendment.

3.      I have handled numerous attorneys' fees litigations under 42 U.S.C. § 1988 and related federal and state fee-shifting statutes such as Title VII, the New Mexico Human Rights Act, the federal Religious Freedom Restoration Act and the New Mexico Whistleblower Protection Act. I have been retained in nearly one hundred cases solely to represent successful plaintiffs' (and in the rare case, defendants') counsel in obtaining a fee award. I was fee counsel in the trial courts and counsel in the appeals from the trial courts' fee awards in both ACLU v. Duran, 2016-NMCA-063, 2016 WL 1593703 (N.M. Ct. App.), an Inspection of Public Records Act ("IPRA") case, and Khalsa v. Puri, 2015 WL 2342350 (N.M. Ct. App., April 14, 2015), *cert. denied*, 367 P.3d 850 (Table), 2015-NMCERT-006. I was fee counsel for plaintiff in another IPRA case, Cox v. New Mexico Dept. of Safety, in the trial court on remand. *See*, Cox v. New Mexico Dept. of Safety, 2010-NMCA-096, 148 N.M. 934242 P.3d 501, *cert. quashed*, 266 P.3d 634 (Table 2011). I was also and am now once again upon its revival in the New Mexico federal district court, fee counsel for plaintiffs in a prisoners' rights class action entitled Duran v. Lujan Grisham, No. CIV 77-721-KK/SCY. *See*, Duran v. Carruthers, 885 F.2d 1492 (10th Cir. 1989). I am also fee counsel as well

2

**EXHIBIT H**

as a member of the litigation team in <u>Jackson v. Ft. Stanton Hospital and Training School</u>, 757 F. Supp. 1243 (D.N.M. 1990), *rev'd in part on other grounds*, 964 F.2d 980 (10th Cir. 1992), and was fee counsel as well as a member of plaintiffs' litigation team in <u>ACLU v. Johnson</u>, 4 F. Supp.2d 1024 and 1029 (D.N.M. 1999), *aff'd*, 194 F.3d 1149 (10th Cir. 2000). For the past several years, I have been fee counsel in a long-running prison conditions class action litigation in the federal district court entitled <u>McClendon v. City of Albuquerque, et al.</u>, No. CIV No. 95-0024 JAP/KBM.

4.      I routinely consult on attorneys' fees issues with other members of the civil rights bar and successful plaintiffs' attorneys in statutory fee generating cases in New Mexico and nationwide, including the national and state affiliate offices of the American Civil Liberties Union. On a regular basis, I am paid my standard hourly rate by New Mexico attorneys to consult on the issue of attorneys' fees and expenses. I am not aware of any other lawyer in New Mexico with experience comparable to mine in the area of attorneys' fees litigation.

5.      I have lectured on attorneys' fees litigation on a regular basis over the years to numerous lawyers' associations on both sides of the bar.

6.      I have been qualified and testified as an expert on attorneys' fees in both the state and federal courts of New Mexico.

7.      I have been retained numerous times by mutual agreement of counsel for the parties to arbitrate and mediate attorneys' fee disputes in fee award generating litigation.

8.      In addition to my having been qualified to testify as an expert on attorneys' fees, I have also filed numerous affidavits in both the state and federal courts on behalf of attorneys seeking fees under fee-shifting statutes, and for more than 30 years, both the New Mexico federal and state district judges have acknowledged my expertise in civil rights law as well as in the law of attorneys' fees. *See e.g.*, <u>O Centro Espirita Beneficente Uniao Do Vegetal in the U.S. v. Duke</u>,

3

**EXHIBIT H**

2018 WL 5314943 (D.N.M., 10/25/18) (Browning, J.), at *21, *22 (relying on affidavit of undersigned to award plaintiff's counsel his requested hourly rate, identifying undersigned as "one of the most noteworthy civil rights lawyers in New Mexico," an "outstanding lawyer" and "a highly respected civil rights attorney in Albuquerque"); Santa Fe Reporter Newspaper v. Governor Susana Martinez, No. D-101-CV-2013-02328 (Court's Findings of Fact, Conclusions of Law, and Order Concerning Plaintiff's Motion for Attorneys' Fees and Costs, 10/18/18) (Singleton, J.), at 8 (identifying affidavit from undersigned as "expert affidavit" and relying on it to award plaintiff's counsel their requested hourly rates); New Mexico Foundation for Open Government v. Corizon Health, No. D-101-CV-2016-01742 (Findings of Fact and Conclusions of Law Regarding Petitioner's Motion for Attorneys' Fees and Costs, 3/7/17) (Ortiz, J.), at 3 ¶ 8 (Petitioners "provided an expert declaration from Philip Davis, an Albuquerque attorney who is a well-known and well-qualified attorneys' fees expert"), aff'd, No. A-1-CA-35951 (9/16/19), ¶ 28 (on attorneys' fees issue, adopting district court's characterization of undersigned counsel as "expert"); Valdez v. Herrera, Civ. No. 09-668 JCH/DJS (Order Granting Attorneys' Fees, 3/21/11) [Doc. 149] (Herrera, J.), at 3-4 (setting rates, relying on affidavit of Davis as having "substantial expertise in attorney fee issues in civil rights cases); Lewis v. New Mexico Dept. of Health, No. CIV 99-0021 MV/JHG (Mem. Op. and Order, 1/5/05) [Doc. 230] (Vazquez, J.), at 19 (identifying Davis as "an expert on attorneys' fees in this state and fee counsel in this case"); Martinez v. Jennings, No. 85-1291-M Civil (Mem. Op. and Order, July 11, 1988) (Mechem, J.), at 6 ("Rosenstock and Rothstein hired Phil Davis, expert in civil rights and in § 1988 fee litigation, to pursue this [fee] application"). See also, Martinez v. Carson, No. 08-cv-1046 WJ/LFG (Mem. Op. and Order Granting in Part Plaintiffs' Motion for Attorney Fees and Expenses, 8/11/11) [Doc. 231] (Johnson, J.), at 7 (relying

**EXHIBIT H**

on Davis' then-current hourly rate of $350 to award fees at same rate to Albuquerque attorney Paul Kennedy).

9.    Based on my substantial involvement as fee counsel in a number of fee award litigations, I am familiar with contemporary market rates for lawyers in New Mexico involved in litigation of all sorts, both at the trial level and in the appellate courts, including securities and antitrust work, complex commercial litigation, other civil rights work, and declaratory and injunctive relief litigation.

10.    Mr. Howell has asked me to opine on whether the hourly rate of $300.00 is fair and reasonable for his legal services. In my opinion, it is. By way of comparison, my current hourly rate increased on July 1, 2021 to $475, and the current hourly rate for my associate, who has seven years' experience and is skilled and experienced in IPRA and other complex federal and state litigation, increased on July 1, 2021 to $300.

11.    It is my understanding that Mr. Howell has 24 years of experience, both as a defense lawyer and then more recently as a plaintiffs' lawyer, handling complex employment litigation in the federal and state courts of New Mexico. I have direct knowledge of Mr. Howell's experience and expertise as a lawyer involved in complex employment litigation based on my having inherited at least one case from his office, and more recently, having mediated employment cases for Mr. Howell in which he served as plaintiffs' counsel.

12.    It is my opinion that the hourly rate of $300.00 for Mr. Howell is fair and reasonable when considered in regard to the market rates for lawyers of comparable skill and experience in the New Mexico legal community. Indeed, for a lawyer of his skill and experience in complex employment litigation, the fair and reasonable hourly rate is almost certainly substantially higher than $300.00. I base my judgment in this regard on the current prevailing hourly rates in the New

**EXHIBIT H**

Mexico legal community, and of hourly rates set by the federal and state courts in New Mexico in other fee award opinions, for lawyers of comparable skill and experience to Mr. Howell. *See, e.g.*, O Centro Espirita Beneficente Uniao Do Vegetal, 343 F.Supp.3d at 1086 (Browning, J.) (awarding $350 per hour to an attorney with 17 years of experience); Griego v. United States, 2018 WL 6727357, at *3 (D.N.M. Dec. 21, 2018) (Herrera, J.) (awarding a rate of $350 an hour to a civil rights litigator with 17 years of experience); Fallen v. GREP Sw., LLC, 247 F.Supp.3d 1165, 1198 (D.N.M. 2017) (Browning, J.) (awarding $375 per hour to an attorney with 18 years of experience); Casias v. Dept. of Corr., 2019 WL 2881007, at *1-2 (awarding a 1998 UNM Law School graduate $350 per hour); *Youngers v. City of Las Vegas*, D-412-CV-2018-00183, filed May 31, 2019 (awarding both 2002 and 2004 UNM Law School graduates $350 per hour).

13.     Mr. Howell has asked me to offer my opinion as well on the fair and reasonable range of percentages a plaintiff's lawyer might charge in a contingency fee case in New Mexico. In a simple case without disputed liability and in which the damages are clear, a reasonable percentage might be lower, e.g., 25-30%, because the anticipated work required of the lawyer handling that case, as well as the risk involved in taking the case on, will be much less. But in a complex employment case in which liability and damages are both disputed, that range is between one-third and forty per cent.

14.     Additionally, as I understand occurred in this case, it is often true that a plaintiff's lawyer will agree to reduce his or her contracted-for percentage fee in order to increase the client's net recovery from a settlement. Two reasons support the lawyer's decision to do this – first, the interest of the client is paramount, and reducing a contingent fee to increase the client's net recovery and thus assure a more successful settlement for the client is equally paramount, and second, the New Mexico Rules of Professional Responsibility, which apply in federal as well as

6

**EXHIBIT H**

state court, require that a lawyer's fee be reasonable. *See*, NMRA 16-105(A). If a lower settlement

than is hoped for is the best that the client can achieve, it may well be true that a correspondingly

lower contingent fee for the client's lawyer, in order to increase the net recovery to the client

despite the lower settlement achieved, is the reasonable fee required by the Rule, and the lawyer's

willingness to reduce his or her fee accordingly reflects the lawyer's recognition of the application

of the Rule for the benefit of the client in that particular case.


Date: August 13, 2021

_____

PHILIP B. DAVIS

**EXHIBIT H**

**EXHIBIT H**