IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOROTHY WHITAKER,

     Plaintiff,

v.                                                                                      Civ. No. 18-1046 KG/JFR

XAVIER BECERRA, SECRETARY,
U.S. Department of Health and Human Services,

     Defendant.

<u>ORDER TO SHOW CAUSE</u>

This matter comes before the Court *sua sponte*. On July 15, 2021, Defendant filed its

"Opposition to Plaintiff's Motion to Throw Out/Invalidate the Verbal Acceptance of Settlement

and Cross Motion to Enforce Settlement Agreement" (Doc. 95) under seal.  To date, Defendant

has not sought the Court's leave to file this document under seal, nor has either party filed any

pleading with the Court explaining why the document is sealable.  The Court further notes that

the document does not fall squarely within the strictures of Federal Rule of Civil Procedure 5.2.

"Courts have long recognized a common-law right of access to judicial records." *Mann*

*v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).  "Although this right is not absolute, there is

a strong presumption in favor of public access . . . particularly . . . where the district court use[s]

the sealed documents to determine litigants' substantive legal rights." *United States v. Pickard*,

733 F.3d 1297, 1302 (10th Cir. 2013) (citation and quotation marks omitted).  "[T]he

presumption in favor of access to judicial records may be overcome where countervailing

interests heavily outweigh the public interests in access." *Colony Ins. Co. v. Burke*, 698 F.3d

1222, 1241 (10th Cir. 2012) (quotation marks omitted).  "[T]he district court, in exercising its

discretion, must weigh the interests of the public, which are presumptively paramount, against

those advanced by the parties." *Pickard*, 733 F.3d at 1302 (quotation marks omitted). "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker v. Fed. Bureau of Prisons*, 315 Fed. Appx. 752, 755 (10th Cir. 2009). "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption." *Colony Ins. Co.*, 698 F.3d at 1241 (quotation marks omitted).

Here, neither party has advanced any interest in keeping Defendant's Response confidential that outweighs the strong presumption in favor of public access to this judicial record.

In light of the foregoing, the Court hereby ORDERS Defendant to show cause, in writing, by **Monday, September 27, 2021**, why his Response (Doc. 95) should be sealed, and also why he failed to file a contemporaneous written motion for leave to file this document under seal. Defendant's response to this Order shall explain why, if at all, redaction would be inappropriate for his Response. The Court advises that if neither party proffers an explanation for why the Response should be sealed as required by this Order, the Court will unseal the Response without further notice on **Friday, October 1, 2021**.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE